**ELECTRIC STORAGE BATTERY CO. v. SHIMADZU et al.**

**SHIMADZU et al. v. ELECTRIC STORAGE BATTERY CO.**

Nos. 6309, 6336.

Circuit Court of Appeals, Third Circuit.
Aug. 8, 1938.

Rehearing Denied Sept. 14, 1938.

Hunt, Hill & Betts, of New York City, Edmund B. Whitcomb, of Toledo, Ohio, Rawle & Henderson, of Philadelphia, Pa. (George W. Betts, Jr., of New York City, George H. Souther, of Niagara Falls, N. Y., and George Yamaoka, of New York City, of counsel), for plaintiffs-appellants.

Hugh M. Morris, of Wilmington, Del., Augustus B. Stoughton, of Philadelphia, Pa., A. F. Kwis, of Cleveland, Ohio, and E. S. W. Farnum Jr., of Philadelphia, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

PER CURIAM.

 Genzo Shimadzu as owner and patentee and the Northeastern Engineering Company as exclusive licensee, of six patents, brought suit in the District Court against the Electric Storage Battery Company, defendant, for infringement of these patents. That Court entered a decree finding the following claims valid and infringed: Claims 1 and 2 of patent No. 1,584,149; claims 1, 2, 3, 4, 6, 8, 9, 10, 11, 12 and 13 of patent No. 1,584,150; and claims 10 and 11 of patent No. 1,896,020. It also held the following claims valid but not infringed: Claims 14, 15, 16 and 17 of patent No. 1,-584,150; claims 1, 2, 3, 4, and 5 of patent No. 1,584,151; claims 1 and 2 of patent No. 1,584,152; and claims 1, 2, 3, and 4 of patent No. 1,584,479. Upon these findings, the District Court issued an appropriate injunction and ordered an accounting of profits and damages. Both the plaintiffs and the defendant have appealed to this court.

These patents contain process and apparatus claims relating to the manufacture of a fine powder of lead or lead oxide; claims relating to the manufacture of lead suboxide powder; product claims for lead suboxide; claims relating to the use of lead suboxide powder in a process for further oxidation into such products as litharge and red lead; and claims relating to the use of lead suboxide powder in the manufacture of plates for storage batteries and paints.

The claims held valid and infringed were the process and apparatus claims relating to the manufacture of the fine powder of lead or lead oxide. The other claims all refer to lead suboxide and these were all held valid but not infringed because of the doubt surrounding the existence of that product.

Several questions are here at issue. These involve the validity of the patents under section 4887 of the Revised Statutes, 35 U.S.C.A. § 32; the validity of the patents in view of the prior art, and the existence of the product lead suboxide.

After a careful examination of the record and briefs, we are of opinion that the facts found by the learned District Judge are based upon substantial evidence, that he has properly applied the law to these facts and reached correct conclusions.

Accordingly we affirm the decree upon his opinion.